{¶ 76} I concur fully in Judge Grady's disposition of the First, Second, Third and Fourth Assignments of Error.
 {¶ 77} With respect to the Fifth Assignment of Error, I find it difficult to construe the phrase "or other conditions" as not embracing the situation involving the pre-existing indoor pool, especially in view of the principle that statutes in derogation of the rights of owners of property are to be strictly construed. I find it unnecessary to resolve this conundrum, however, because I agree with Judge Grady that given the particular, and tortured, history of this controversy, there is no chance of a different ultimate outcome. I cannot imagine that the appropriate administrative agency, when applying the appropriate standard for determining whether to grant a variance, would refuse to grant the Schroeders the variance necessary for the lot split they have sought and received.
 {¶ 78} Ultimately, then, Harlamert's position in this litigation is without merit. Therefore, any error the trial court may have committed in refusing his request for a temporary injunction, the subject of his Sixth Assignment of Error, is moot. For that reason, I would overrule his Sixth Assignment of Error. I cannot agree that Harlamert's appeal from the denial of his request for a temporary injunction is untimely, in view of the provision in App.R. 4(B)(5) that a party may elect to file a notice of appeal within thirty days of entry of the judgment or order that disposes of the remaining claims in a case when the trial court had not disposed of all claims when the judgment or order from which the appeal is taken was originally entered.
 {¶ 79} Because I would overrule all of the assignments of error, I concur in the judgment of this court affirming the judgment of the trial court.
BROGAN, J., concurs.
 {¶ 80} I concur in Judge Grady's well reasoned opinion as to his resolution of the first, second, third, fourth, and sixth assignments. I would overrule the fifth assignment that the term "topographic or other conditions" does not include structures like buildings or pools. I would affirm the trial court for the reasons outlined in Magistrate O'Connell's findings and recommendations that the granting of the variance is in accord with substantial justice and not in contradiction to the spirit and intent of the Oakwood City Ordinance.